Harris v. Paine.

---

S. F. HARRIS V. CLARENCE S. PAINE ET AL.

FILED MAY 3, 1901.   No. 14,303.

Petition examined, and *held* not obnoxious to a general demurrer.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*J. A. Brown,* for plaintiff in error.

*Wilson & Brown, contra.*

OLDHAM, C.

This case was originally instituted before a justice of the peace, and taken by appeal to the district court for Lancaster county, where plaintiffs filed an amended petition alleging that, for a valuable consideration, defendant had made, executed and delivered to Jacob North & Company a contract in words and figures as follows: "Jacob North & Co., Publishers, History of Nebraska, J. Sterling Morton, Editor in Chief.—Lincoln, Neb., Nov. 9, 1901.—Messrs. Jacob North & Co.: You are hereby requested and authorized to prepare and reserve for me one copy of the History of Nebraska which I agree to take as soon as completed, and for which I agree to pay to you or to your order the sum of twenty-five dollars ($25) on the following terms, viz: Fifteen dollars ($15) on demand; the balance, ten dollars. ($10), on delivery of work complete, this work to be bound in full leather, and to consist of two volumes of about 800 pages each. (Signed) S. F. Harris." It was further alleged that the $15 mentioned in said contract had been due and owing since November 9, 1901, at which time the said contract was duly accepted by Jacob North & Company; that no part thereof had been paid; that the contract had been assigned to the plaintiffs by Jacob North & Company for a valuable consideration; that the plaintiffs had made demand on defendant for payment of the $15 prior to the bringing of the suit. Plaintiffs prayed judgment for $15 and interest. Defendant demurred to the amended petition, and the demurrer was overruled by the court. Defendant elected to stand on the demurrer, and judgment was rendered as prayed for in the petition. To reverse this judgment defendant brings error to this court.

The only question involved is as to whether plaintiffs' petition is obnoxious to a general demurrer. The written instrument on which the action is based is an order for a copy of the "History of Nebraska." This order, when

signed by the defendant and accepted by Jacob North & Company, became a valid and binding contract between the parties. The petition alleges that the order was accepted by Jacob North & Company. It is true that it is not alleged in the petition that the work was prepared and reserved for defendant's use, and it is urged in defendant's brief that without such allegation the statement in the petition that the order was duly accepted is a mere conclusion of law and not an allegation of fact. While the petition is in no sense an accurate model of pleading, yet, as against a general demurrer, the allegation that the order was accepted is sufficient. If defendant desired to be informed as to what action Jacob North & Company had taken to indicate an acceptance of the order, she should have assailed the petition by motion, and not by demurrer. And again, if the consideration of the contract has absolutely failed by reason of the refusal or neglect of Jacob North & Company to prepare the work and reserve it for defendant, such fact should have been pleaded by answer. The petition shows the signing of the order by defendant and its acceptance by Jacob North & Company, and the terms of the contract alleged upon provided for the payment of $15 on demand, when the order was accepted.

It is urged, further, that the very nature of the order shows on its face that it is not assignable, on the well-established proposition that executory contracts which stipulate solely for special personal service, skill or knowledge are not assignable. If the petition had shown that the work of editing the book was to be done by some other than the editor named in the contract, Honorable J. Sterling Morton, there would be much weight in this contention, but the mere mechanical work of printing and binding a book is not, at least on its face, of such personal character as to prevent the contract from being assigned. If there was any reason of a personal nature why defendant was induced to subscribe for this book on the assurance that it would be bound and printed by Jacob

North & Company, and no one else, such fact should have been made to appear by answer.

It is urged that the court erred in permitting plaintiffs to amend their petition filed before the justice of the peace by inserting the allegation that a demand was made for the $15 before suit was instituted. This objection cannot be raised by general demurrer to the amended petition, and, even if it were raised, it is without merit, as the amendment in nowise changed the cause of action alleged upon in the magistrate's court.

We therefore conclude that the petition on its face states a good cause of action, as against a general demurrer, and we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.